NO. 4-06-0607    Filed 4/5/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| FELIPE R. JARRETT, | ) | No. 03CF1185 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott B. Diamond, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Felipe R. Jarrett, pleaded guilty to one count of unlawful possession of a controlled substance with intent to deliver in exchange for the State's agreement to "a cap of 10 [years]" on his sentence and to dismiss other charges. The trial court sentenced defendant to eight years' imprisonment and three years of mandatory supervised release (MSR). Defendant filed no direct appeal. In May 2006, defendant filed a postconviction petition alleging (1) his constitutional rights were violated because he pleaded guilty in exchange for a specific sentence but received a different, more onerous sentence than that to which he agreed, i.e., the 8-year prison term and the 3 years' MSR added up to more than the agreed-upon 10-year cap; and (2) his trial counsel was ineffective because he did not adhere to defendant's request to file a timely motion to reduce defendant's sentence. In July 2006, the trial court summarily

dismissed defendant's petition as frivolous and patently without merit. Defendant appeals. We affirm.

I. BACKGROUND

On July 22, 2004, defendant entered a partially negotiated guilty plea to unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2002)). In return for defendant's guilty plea, the State agreed to drop other charges pending against defendant and "offer[ed] to cap at 10 years." On September 9, 2004, the trial court sentenced defendant to eight years' imprisonment and three years' MSR. Defendant filed no direct appeal.

The transcript of the plea hearing reveals the following. The prosecutor stated defendant would be pleading guilty and "the State will offer to cap at 10 years. We'll dismiss the remaining counts as well as the counts in" another case. The following exchange then took place:

"THE COURT: And he's going to plead guilty and apply for probation, and you're going to recommend a cap of no more than--

[PROSECUTOR]: 10

THE COURT: --10, and all the other charges against this defendant in both files are going to be dismissed.

[PROSECUTOR]: Yes."

The court then stated it understood the agreement but had to admonish defendant pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402) to make sure defendant also understood the agreement. The court explained defendant was charged with a Class X felony that "has a possible sentence of from 6 to 30." The court further noted the following:

> "There's a possible fine up to $500,000.00. There's what's called mandatory supervisory release, what we used to call parole, up to 3 years. You're not eligible for probation for this offense.
>
> Do you think you understand the penalties you could get, not what you're going to get[?]" (Emphasis added.)

Defendant responded "Yes." Defendant then waived his right to a jury trial and his right to be confronted by the witnesses against him. The trial court then reiterated that defendant was agreeing to plead guilty to the one count, and in exchange, all other charges would be dismissed. Defendant acknowledged that was his understanding of the agreement. When asked if "anybody used any force, made any threats, or made any promises to [him] other than the promises in the plea agreement to get [him] to" plead guilty, defendant answered no. The prosecutor recited the factual basis for defendant's guilty plea, and the court accepted

- 3 -

it.  The court then stated the following:

"So that means, sir, at this time, you know that you cannot receive more than 10 years although your counsel is free to argue for less than 10 years.

So, at this point, I'm going to accept your pleas of guilty, enter [j]udgment of [c]onviction, order a [p]resentence [i]nvestation [r]eport, and allot it for a sentence hearing."

At sentencing on September 9, 2004, the trial court stated it wanted to hear sentencing alternatives and asked whether there was a plea agreement.  The prosecutor stated "[t]he People agreed to a cap of 10."  After arguments, the court sentenced defendant as stated.  Defendant filed no direct appeal.

On May 30, 2006, defendant filed a pro se petition for postconviction relief.  Defendant's petition alleged his trial counsel disregarded his request to file a motion to reduce sentence.  The petition further alleged defendant's constitutional due-process and fundamental-fairness rights were violated because he pleaded guilty "in exchange for a specific sentence, but received a different, more onerous sentence than" that to which he agreed to.  Defendant characterized the nature of his claim as a "benefit[-]of[-]the[-]bargain" claim and stated

- 4 -

he sought specific performance of the plea agreement.  Defendant
emphasized he did not seek to vacate his guilty plea.  Defendant
further alleged the following:

"The specific terms of my plea were that
I would plead guilty in exchange for
dismissal of other charges (a different case)
and a sentence cap of 10 years.  Initially
the State offered dismissal of the other case
and a sentence of 10 years (see attached
memo); however, after further negotiations,
the offer was amended to a 10[-]year cap on
the sentence rather than the original offer
of a 10[-]year sentence.

[MSR] was not discussed during the plea
negotiations. [T]he plea offer made no
mention of a 3[-]year MSR term in addition to
any term of imprisonment within the [10-]year
cap.  I was not informed during the plea
negotiations that any parole or MSR term
would be in addition to, rather than within,
the agreed term of the sentence.  I did not
agree to a sentence cap of 13 years (10 years
plus 3 years['] MSR).  I was not advised, nor
was it a part of my agreement that the total

sentence, including MSR, could exceed the
agreed cap on the sentence. The [c]ourt
imposed [an eight-]year term of imprisonment,
and because my offense is a Class X, I am
subjected to an additional [three-]year MSR
term (which is included on the judgment and
sentencing order entered in this case).
Thus, the total sentence imposed in this case
is 11 years (8 years plus 3 years['] MSR),
and said sentence exceeds the agreed sentence
cap by 1 year." (Emphasis added.)

Defendant's petition further alleges the addition of the
statutorily mandated three-year MSR term exceeds the agreed-upon
sentence cap of his plea agreement and that failure to enforce
the terms of his plea agreement would violate his constitutional
due-process rights.

Defendant also claimed he instructed his attorney to
file a motion to reduce sentence. Defendant alleged his attorney
disregarded this request after telling him he needed to withdraw
his guilty plea first.

On July 19, 2006, the trial court dismissed defendant's
postconviction petition as frivolous and without merit. The
court attached a copy of the transcript of the guilty plea
hearing. The court found defendant's contention that the trial

- 6 -

court failed to admonish him of a period of three years' MSR at the guilty-plea hearing was in error and noted that at the bottom of page four of the transcript of the hearing the trial court had said the following: "There's what is called a mandatory supervisory release, what we used to call parole, up to 3 years." The court then dismissed the instant petition.

Defendant filed a "motion to reconsider and vacate dismissal order." The motion contained the same allegations contained in defendant's petition for postconviction relief. Defendant acknowledged the trial court mentioned a three-year period of MSR when reciting the range of possible penalties. However, defendant noted that "the court clearly specified that these were only possible penalties that could be imposed in absence of the plea agreement; the court stated: 'Do you think you understand the penalties you could get, not what you're going to get?'" The court denied the motion.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court erred in dismissing his postconviction petition because the sentence he received was greater than that to which he agreed during his guilty-plea hearing. Specifically, he argues he was not informed the 3-year term of MSR would be added to his term of imprisonment and that the MSR period would not be included in his agreed-upon

cap of 10 years.  In the alternative, defendant argues his trial counsel was ineffective because counsel did not file a motion to reduce sentence as instructed by defendant.  We affirm.

### A. Post-Conviction Hearing Act

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2002)) allows a defendant to collaterally challenge his or her conviction or sentence for violations of federal or state constitutional rights.  People v. Tenner, 175 Ill. 2d 372, 377, 677 N.E.2d 859, 862 (1997).  A petition for postconviction relief must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."  725 ILCS 5/122-2 (West 2002).  "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."  725 ILCS 5/122-3 (West 2002).

The Act provides a three-step process for adjudicating petitions for postconviction relief in non-death-penalty cases.  People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  The first stage requires the trial court to review the petition to determine if it is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2002).  The court shall dismiss the petition in a written order if it determines the

petition is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2002).  The allegations in the petition, taken as true and liberally construed, need only present the gist of a constitutional claim to survive first-stage dismissal.  People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).  "This is a low threshold and a defendant need only present a limited amount of detail in the petition.  At this stage, a defendant need not make legal arguments or cite to legal authority." Gaultney, 174 Ill. 2d at 418, 675 N.E.2d at 106.

In the instant case, the trial court dismissed the petition at the first stage.  Accordingly, we must only determine whether defendant's petition set forth "the 'gist of a constitutional claim.'"  Edwards 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting Gaultney, 174 Ill. 2d at 418, 675 N.E.2d at 106. We review a trial court's dismissal of a postconviction petition without an evidentiary hearing de novo.  People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

B. Illinois Supreme Court's Ruling in Whitfield

Defendant relies primarily on People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), as support for his argument that this court should vacate his sentence and remand to the circuit court with directions that it impose a sentence of seven years' imprisonment, to be followed by a term of three years' MSR.  In Whitfield, the prosecutor set forth the terms of the

- 9 -

agreement by stating the defendant "'will receive 25 years IDOC'" for his guilty plea to felony murder and a concurrent "'six years IDOC'" for his guilty plea to armed robbery. Whitfield, 217 Ill. 2d at 179, 840 N.E.2d at 661. Neither the trial court nor the prosecutor advised the defendant he would be subject to a 3-year period of MSR following his 25-year sentence for felony murder. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. The sentencing order did not reference the three-year MSR term required by law. Whitfield, 217 Ill. 2d at 180 n.1, 840 N.E.2d at 661 n.1. The defendant took no direct appeal. Whitfield, 217 Ill.2d at 180, 840 N.E.2d at 661.

Sometime later, while serving his prison sentence, the defendant became aware that a 3-year term of MSR had been added to his 25-year sentence by operation of law. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. Defendant filed a pro se motion contending his fourteenth-amendment due-process rights were violated because he was never advised of the MSR term that "had been added to his negotiated sentence and resulted in a 'more onerous' sentence than the one he had agreed to when he pled guilty." Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. The defendant did not seek to withdraw his guilty plea; instead he sought to hold the State to the terms of the plea agreement. Whitfield, 217 Ill. 2d at 180-81, 840 N.E.2d at 661. Accordingly, the defendant sought to eliminate the MSR term or to

reduce his prison term by the length of the MSR term. Whitfield, 217 Ill. 2d at 181, 840 N.E.2d at 661. The circuit court dismissed the postconviction petition at the second stage. Whitfield, 217 Ill. 2d at 181, 840 N.E.2d at 662. The appellate court affirmed. Whitfield, 217 Ill. 2d at 182, 840 N.E.2d at 662.

On appeal to the supreme court, the defendant maintained the due-process clauses of the Illinois and United States Constitutions and Illinois Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) required the circuit court to admonish him that a three-year MSR term would be added to his sentence before accepting his negotiated plea for the offense of murder. Whitfield, 217 Ill. 2d at 182, 840 N.E.2d at 662. Further, the defendant argued that because the circuit court failed to admonish him, adding the MSR term to his sentence violated due process, fundamental fairness, and principles of contract law. Whitfield, 217 Ill. 2d at 182, 840 N.E.2d at 662. The defendant asked the court to afford him the benefit of his plea bargain with the State by modifying his sentence to a term of 25 years, inclusive of the 3-year MSR term. Whitfield, 217 Ill. 2d at 182, 840 N.E.2d at 662. The State argued the defendant did not demonstrate his constitutional rights were substantially violated at the plea hearing that produced his conviction and sentence. Whitfield, 217 Ill.2d at 183, 840 N.E.2d at 663.

- 11 -

In its opinion, the supreme court sided with the defendant and stated the following:

"In the case at bar, defendant pled guilty pursuant to a negotiated plea agreement. The terms of the plea agreement, as set forth by the prosecutor at the plea hearing, included a specific sentence of 25 years. The trial court ratified this agreement and failed to admonish defendant, as required by Supreme Court Rule 402, that a mandatory supervised release term would be added to the sentence defendant had agreed to. Under these circumstances, we conclude that adding the statutorily required three-year MSR term to defendant's negotiated 25-year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness. We believe this conclusion is in conformity with earlier decisions of this court and with decisions reached by other jurisdictions." Whitfield, 217 Ill. 2d at 190-91, 840 N.E.2d at 667.

- 12 -

The court further stated:

"[W]e conclude that, although substantial compliance with Rule 402 is sufficient to establish due process (People v. Fuller, 205 Ill.2d 308, 323[, 793 N.E.2d 526, 537] (2002); People v. Burt, 168 Ill.2d 49, 64[, 658 N.E.2d 375, 382] (1995)), and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment (People v. Davis, 145 Ill.2d 240, 250[, 582 N.E.2d 714, 719] (1991)), there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea

- 13 -

hearing.  Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement."  (Emphasis added.)  Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

The supreme court then turned to the issue of the appropriate remedy.  The court recognized two possible remedies when a defendant does not receive the benefit for which he bargained: defendant must be given the opportunity to withdraw his guilty plea or the promise must be fulfilled.  Whitfield, 217 Ill. 2d at 202, 840 N.E.2d at 673.  In Whitfield, the defendant requested enforcement of the negotiated plea agreement as he understood it but recognized that the term of MSR was mandated by statute and thus legally could not be struck from his sentence.  Whitfield, 217 Ill. 2d at 202, 840 N.E.2d at 673.  Thus, the defendant asked that his sentence be modified to 22 years' imprisonment plus 3 years of MSR "to approximate the bargain that was struck between the parties."  Whitfield, 217 Ill. 2d at 203, 840 N.E.2d at 673-74.  After reviewing case law from both Illinois and other jurisdictions, the court concluded "the appropriate remedy is to modify defendant's sentence to a term of 22 years of imprisonment, to be followed by the mandatory 3-year term of supervised release."  Whitfield, 217 Ill. 2d at 205, 840 N.E.2d at 675.

C. Application of <u>Whitfield</u> to Facts of This Case

We have serious concerns about both the analysis and remedy in <u>Whitfield</u>. Under Whitfield defendant's remedy is either to entirely vacate his plea or reduce his sentence by the statutorily required term of MSR. Years of MSR and years in prison are not interchangeable. Although decreasing a prison sentence by years of MSR was sanctioned by the supreme court in <u>Whitfield</u>, <u>Whitfield</u> should not be construed as a wholesale approval of this practice. For one, MSR is not a static period of supervision. Sections 3-3-8(a) and 3-3-8(b) of the Code of Criminal Procedure state that the Prisoner Review Board has discretion to release a prisoner from MSR before his term of MSR has expired. 730 ILCS 5/3-3-8(a), (b) (West 2004). Further, although MSR is a hindrance on a defendant's liberty interest, so long as the trial court informs defendant of MSR, a defendant cannot reasonably believe that the term of MSR is included in the possible sentence cap announced by the court. The court in <u>Whitfield</u> did not choose to reduce defendant's sentence by three years because it found that three years of MSR were included in the maximum sentence, but rather fashioned that remedy in an attempt to "approximate" the original deal between the State and defendant.

If the facts were the same in the case <u>sub</u> <u>judice</u> as they were in <u>Whitfield</u>, <u>i.e.</u>, if the case before this court

involved a fully negotiated plea, the trial court never mentioned MSR, and the written judgment did not reflect MSR, we would be constrained to follow Whitfield.  See People v. Flatt, 82 Ill. 2d 250, 261, 412 N.E.2d 509, 515 (1980) ("the precedential scope of a decision is limited to the facts before the court").  However, in the case before us, the plea was a partially negotiated plea (or a "'negotiated as to charge and/or sentence'" plea (see People v. Linder, 186 Ill. 2d 67, 77-78, 708 N.E.2d 1169, 1174 (1999) (Freeman, J., specially concurring))).

The record shows that in this case the trial court admonished defendant he could receive a sentence in the range of 6 to 30 years' imprisonment, a possible fine of up to $500,000, and further that "[t]here's what's called mandatory supervisory release, what we used to call parole, up to 3 years."  The court did not admonish defendant that the period of MSR would be in addition to the sentence he received and would not be included in the 10-year cap.  The court's statement that the period of MSR is "up to 3 years" correctly requires the statutory requirement. See 730 ILCS 5/5-8-1(d)(1) (West 2002) (every sentence on a conviction of a Class X felony shall include, as though written therein, a term of three years' MSR in addition to the term of imprisonment subject to early termination).  Sections 3-3-8(a) and 3-3-8(b) of the Code of Criminal Procedure explicitly permits the Prisoner Review Board has discretion to release a prisoner

- 16 -

from MSR before his term of MSR has expired. 730 ILCS 5/3-3-8(a), (b) (West 2004). Therefore, although it is statutorily required to add a three-year term of MSR to defendant's sentence, the trial court's language "up to 3 years" is accurate considering the possibility that the Prison Review Board has discretion to release defendant from MSR early.

"[T]he burden is on the defendant to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression." Davis, 145 Ill. 2d at 244, 582 N.E.2d at 716. The court mentioned MSR at the same time it addressed additional fines. If defendant understood that the fines were in addition to his 10-year sentence, it is unreasonable to conclude he did not know that MSR would also be in addition to his sentence.

Unlike Whitfield, defendant was advised of the possibility of three years' MSR, the court told him it was parole, and when the court asked if he understood the penalties, he said yes. Also, defendant was given the chance to withdraw his plea after being so admonished but he persisted in his guilty plea. While the trial court's admonishment could have been improved by explicitly stating that MSR was in addition to any sentence he received, imperfect admonishment is a violation of due process where real justice has been denied or defendant has shown prejudice. Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at

669, citing <u>Davis</u>, 145 Ill. 2d at 250, 582 N.E.2d at 719. Defendant's due-process rights have not been denied here, nor has real justice been denied.

Further, unlike <u>Whitfield</u>, the written sentencing judgment <u>did</u> <u>reflect</u> the term of MSR. Therefore, we decline the invitation to expand <u>Whitfield</u>, which only applies where the judge failed to entirely mention MSR before taking the plea and failed to include it in the judgment of sentence.

### D. Ineffective Assistance of Counsel

Next, defendant argues he was denied the effective assistance of counsel because his attorney refused to file a timely motion to reduce sentence. Defendant's affidavit attached to his petition stated the following:

"Subsequent to the time I was sentenced, I asked my attorney to file a timely motion for reduction of sentence on my behalf so that I could appeal the sentence in this case. My attorney informed me that I could not seek a reduction in the sentence without taking back the plea by a motion to vacate the plea and proving that the plea was not voluntary, and my attorney disregarded my request to file a motion to reduce the sentence."

- 18 -

The trial court did not address defendant's ineffective-assistance-of-counsel claim when summarily dismissing defendant's pro se petition. The fact the court did not address this claim is of no moment because an appellate court can affirm based on any ground warranted by the record. People v. Rivera, 346 Ill. App. 3d 398, 405, 803 N.E.2d 882, 888 (2002).

As discussed earlier, defendant alleges his sentence to prison and MSR exceeded the agreed-upon cap. Thus, defendant claims that under Whitfield he was not required to withdraw his guilty plea when seeking to hold the State to its bargain. Because his trial counsel told him otherwise, counsel was allegedly ineffective. We disagree.

We have already declined to extend Whitfield to the circumstances of this case. Thus, the "normal" rules regarding asking the trial court to reconsider a sentence after a guilty plea apply. When a defendant agrees to plead guilty in exchange for a recommended sentencing cap and the dismissal of certain charges, the defendant must move to withdraw his guilty plea before asking the trial court to reconsider his sentence when the defendant has been sentenced within the agreed-upon cap. Linder, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73. Defendant here was sentenced within the cap. Thus, counsel was correct when telling defendant he needed to withdraw his guilty plea before asking the court to reconsider his sentence. Further, defendant has made it

perfectly clear he does not want to withdraw his guilty plea. Accordingly, defendant has not made the gist of a constitutional claim that trial counsel was ineffective.

### III. CONCLUSION

For the reasons stated, we affirm the trial court. As part of our judgment, we grant the State's request that defendant be assessed $75 as costs for this appeal.

Affirmed.

KNECHT and COOK, JJ., concur.