No. 2--05--1119      Filed:  9-7-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--3478 |
| AKIL K. ELLIS, | ) ) ) | Honorable Robert J. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Akil K. Ellis, appeals from the judgment of the circuit court of Du Page County revoking his probation for the offense of possession of a stolen motor vehicle and sentencing him to a nine-year term of imprisonment.  Defendant argues that the trial court erroneously admonished him concerning the potential penalties he faced if he admitted to the allegations in the petition to revoke his probation.  Defendant further contends this error was compounded by the trial court's continual understatement of the minimum penalty he faced throughout all phases of his criminal case and the petition to revoke probation.  We agree, vacating defendant's sentence and remanding the cause to the trial court with directions to allow defendant to withdraw his admissions to the petition to revoke his probation.

We begin with the underlying criminal case in which defendant received a sentence of probation.  In a December 21, 2004, indictment, defendant was charged with the offense of unlawful

possession of a stolen or converted motor vehicle (625 ILCS 5/4--103(a)(1) (West 2004)). The indictment also alleged that, within the previous 10 years, defendant had been convicted of a Class 2 or greater felony.

On February 23, 2005, defendant agreed to plead guilty to the charge of unlawful possession of a stolen or converted motor vehicle. In exchange, the State agreed to dismiss other traffic counts pending against defendant. No agreement was reached regarding the terms of defendant's sentence.

The trial court admonished defendant that he was admitting to being in possession of a stolen or converted vehicle, knowing it to have been stolen or converted. The court further advised defendant that he was admitting that he had committed a Class 2 or greater felony within the previous 10 years. The prosecutor interjected that the previous felony rendered defendant eligible to be sentenced as a Class X offender. Both defendant and the State agreed that defendant was eligible for Treatment Alternatives to Street Crime (TASC) probation.

Continuing its admonitions to defendant, the trial court advised that defendant was relinquishing his right to have the State prove him guilty beyond a reasonable doubt as well as his right to any sort of trial, bench or jury. Defendant was relinquishing his right to confront witnesses and to call witnesses on his own behalf. The trial court (erroneously) informed defendant that he faced a sentencing range from a minimum of TASC probation to a maximum of a 30-year term of imprisonment. Defendant maintained that he wished to plead guilty and that he had experienced no threats or coercion in order to procure his guilty plea.

The trial court ascertained that a factual basis for the plea existed. Had witnesses been called, they would have testified that defendant was found in a car that was reported to have been stolen. Defendant further admitted to a police officer that he had borrowed the car from a friend who had

informed defendant that he had stolen the car and that the car was "hot." The owner of the car would have testified that, about a week before defendant's arrest, his car had been stolen out of his garage.

Defendant again assured the trial court that he was persisting in his desire to plead guilty. The trial court then accepted defendant's plea, finding it to be knowing and voluntary. The trial court proceeded immediately to sentencing. After argument, the trial court took the matter under advisement, requesting that an official from TASC attend the next hearing to enable the court to understand TASC's recommendation. About a week later, the parties reconvened, and TASC explained that the least restrictive recommendation was intensive outpatient treatment. TASC further explained that, if the outpatient treatment were ineffective, TASC could move toward a more restrictive treatment. Following the TASC presentation, the trial court sentenced defendant to a 30-month term of probation with TASC treatment as one of the conditions of his probation. The trial court also ordered defendant to serve periodic imprisonment while the TASC treatment was being arranged. The trial court emphasized to defendant what a great chance he was being given with TASC probation and cautioned defendant not to "screw up."

About four months later, on July 15, 2005, the State filed a petition to revoke probation. The petition alleged that defendant failed to report to the probation office and that he also failed to attend his TASC meetings. On September 14, 2005, defendant appeared before the trial court on the petition to revoke. On that date, the trial court advised defendant that his minimum penalty would be another sentence of probation and that his maximum penalty would be a sentence to prison. The trial court asked whether defendant was eligible for extended-term sentencing, and the prosecutor stated that he did not believe defendant was eligible. The trial court then advised defendant that his

maximum prison sentence was 7 years, unless defendant had a previous Class 2 or greater felony, in which case the maximum prison sentence was 14 years.

At a September 28, 2005, hearing, defendant informed the trial court that he wished to admit the allegations contained in the petition to revoke and requested sentencing. Regarding the potential penalties he faced, the trial court admonished defendant as follows:

"You're on probation for a Class II felony. The minimum sentence for a [C]lass II felony is probation. The maximum sentence is seven years in the penitentiary with two years mandatory supervised release or parole. You could be fined up to $25,000. If you admit the petition to revoke probation, I could give you more probation or I can send you to the penitentiary for up to seven years or do anything in between. There is no agreement as to what the sentence is going to be. Life being what it is, I can tell you that the State is going to ask that you go to the penitentiary. Your lawyer is not going to ask that you go to the penitentiary. I don't know what I'm going to do. More importantly, you don't know what I am going to do today."

The trial court then admonished defendant that, by admitting to the petition, he was giving up the right to have the State prove the allegations by a preponderance of the evidence, giving up the right to confront and cross-examine witnesses, and giving up the right to put on evidence and witnesses on his behalf. Defendant persisted in his desire to admit to the petition, and the trial court accepted admissions that he had violated his probation by failing to report to the probation office, was unsuccessfully terminated by TASC, and had failed to make any payments on the fine, costs, and restitution conditions of his probation.

On October 19, 2005, the trial court conducted a sentencing hearing. Following the parties' arguments, the trial court sentenced defendant to a nine-year term of imprisonment. Defendant filed a motion to reduce his sentence, contending that the sentence was excessive based on defendant's character and rehabilitative potential. The trial court denied the motion and defendant timely appeals.

On appeal defendant contends that the trial court failed to properly admonish him pursuant to Supreme Court Rule 402A (210 Ill. 2d R. 402A) and People v. Hall, 198 Ill. 2d 173, 181 (2001), when it erroneously advised him of the maximum and minimum penalties he would face if his probation were revoked. Specifically, defendant contends that the trial court erred by advising him that he was subject to sentencing as a Class 2 felon when he was actually required to be sentenced as a Class X offender. The trial court further erred by informing defendant that probation was available when in fact it was not, due to the fact defendant was required to be sentenced as a Class X offender.

The relatively recent enactment of Rule 402A codified the admonitions that must be given to a defendant before the defendant admits to a petition to revoke probation. Specifically, Rule 402A provides:

"The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:

(1) the specific allegation in the petition to revoke probation, conditional discharge or supervision;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." 210 Ill. 2d R. 402A(a).

Rule 402A codifies the requirements of due process in an admission to a probation violation as set forth in Hall, 198 Ill. 2d at 181. 210 Ill. 2d R. 402A, Committee Comments, at ccxvii.

In turn, Hall (and, consequently, Rule 402A, by implication) was interpreted in People v. Dennis, 354 Ill. App. 3d 491 (2004). There, the court noted that Hall took the Rule 402 (177 Ill. 2d R. 402) requirements for guilty plea hearings and made them applicable to admissions to probation violations. Dennis, 354 Ill. App. 3d at 495. Further, because Hall (and Rule 402A) essentially overlapped with the requirements contained in Rule 402, the Dennis court decided to rely on Rule

402 jurisprudence in interpreting Hall. Dennis, 354 Ill. App. 3d at 495. The court noted that substantial compliance, meaning a specific and affirmative showing in the record that the defendant understood each of the required admonitions, is all that is required under Rule 402A to satisfy due process. Dennis, 354 Ill. App. 3d at 495-96. Further, the goal of the Rule 402A admonitions is "to ensure that [the] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission." Dennis, 354 Ill. App. 3d at 496. Nevertheless, a defendant in a probation revocation proceeding has fewer procedural rights than a defendant awaiting trial in an original criminal proceeding. Dennis, 354 Ill. App. 3d at 495. A trial court's compliance with the admonition requirements of Rule 402A presents a legal question, which we review de novo. Hall, 198 Ill. 2d at 177.

Here, in the underlying criminal proceeding, the trial court admonished defendant that, at a minimum, he could receive probation and, at a maximum, he could be sentenced as a Class X offender, receiving a 30-year term of imprisonment. We note that, pursuant to People v. Redmond, 357 Ill. App. 3d 256, 262 (2005), defendant was not, in fact, eligible to receive probation and that the trial court's advice as to the minimum possible sentence was erroneous.

The erroneous admonition was compounded in the probation revocation proceedings. During the probation revocation proceedings, defendant was consistently advised that he faced sentencing as a Class 2 felon, with a minimum sentence of probation and a maximum sentence of a 7-year term of imprisonment, or a 14-year term if defendant were eligible for an extended-term sentence. In fact, and as was later correctly ascertained, defendant at all times was required to be sentenced as a Class X offender. There is no question, therefore (and the State does not try to contradict), that the trial

court erroneously admonished defendant concerning the sentences that could result from his admission to the petition to revoke probation.

While we have found no case directly on point regarding erroneous admonitions about possible sentencing consequences during a hearing on an admission to a petition to revoke probation, cases analyzing the same issue in guilty plea hearings, per Dennis, provide guidance. It has long been held that a guilty plea cannot be understandingly entered where the trial court informs the defendant that the minimum sentence is less than it actually is. People v. Latham, 73 Ill. App. 3d 995, 999 (1979). Analogously, we hold that the erroneous admonitions regarding possible sentences, both the maximum and the minimum, during the probation revocation proceedings did not substantially comply with the requirements of Rule 402A. See also, e.g., People v. Kidd, 129 Ill. 2d 432, 446 (1989) (failure to properly admonish defendant concerning maximum and minimum penalties resulted in lack of substantial compliance with Rule 402 and in reversible error); People v. Chernetti, 257 Ill. App. 3d 742, 745 (1994) ("the failure to advise a defendant of the possible minimum and maximum sentences is reversible error"); People v. Price, 196 Ill. App. 3d 321, 325-26 (1990) (same). If the goal of providing defendant with admonitions in this case was "to ensure that defendant understood his admission, the rights he was waiving, and the potential consequences of his admission" (Dennis, 354 Ill. App. 3d at 496), then we cannot say that this goal was met where the court both advised defendant of a minimum sentence less than what was actually available and erroneously imposed a sentence less than the actually available minimum in the underlying criminal prosecution.

The State argues that the trial court substantially complied with the requirements of Rule 402A. The State argues that defendant was correctly informed that he was subject to sentencing in

the Class X range and contends that the only error occurring in the admonitions was the mistake about the minimum sentence. (We note that the State apparently carries over the admonitions from the underlying criminal guilty plea to the probation revocation proceedings. For purposes of argument, we are content to accept the State's assertion that defendant was appropriately admonished regarding the maximum sentence as a Class X offender.) According to the State, the error in describing the minimum penalty should not result in a finding of a lack of substantial compliance. The State offers no authority to support its contention concerning an erroneous admonition about the minimum sentence. We reject the State's contention. As has been noted above, erroneous advice concerning the sentences has long been held to constitute reversible error in the guilty plea/Rule 402 context. Because Rule 402A mirrors the requirements of Rule 402, we do not see why the same should not obtain in a probation revocation context.

The State points to the rule that, in the Rule 402 context, an imperfect admonition is not reversible error unless real justice has been denied or the defendant has been prejudiced by the incorrect admonition, citing to People v. Jarrett, 372 Ill. App. 3d 344, 350 (2007), quoting People v. Whitfield, 217 Ill. 2d 177, 195 (2005). The State argues that this rule, in combination with the acknowledgment that a defendant in a probation revocation proceeding is entitled to fewer procedural rights than a defendant facing trial, mandates a finding that the trial court's admonitions were in substantial compliance with Rule 402A. We disagree.

First, we note that Jarrett is inapposite. In Jarrett, the defendant was complaining that the 3-year term of mandatory supervised release (MSR) that was required to be added onto his 8-year prison sentence violated the agreed sentencing cap of 10 years. Jarrett, 372 Ill. App. 3d at 348. The court disagreed, noting that defendant had been properly admonished that, after completing his

sentence of imprisonment, he would be subject to a term of MSR of up to three years. Jarrett, 372 Ill. App. 3d at 352. The court noted that defendant also had been correctly admonished and had understood that he was subject to a fine in addition to his prison sentence. The court held that, because defendant understood that the fine was in addition to his prison sentence, it was unreasonable to conclude that defendant did not understand that the MSR term also was to be in addition to his prison sentence. Jarrett, 372 Ill. App. 3d at 352. Here, by contrast, defendant was never correctly admonished concerning the minimum sentence, either in the underlying criminal prosecution or in the probation revocation proceedings. Thus, there was no correct admonition from which to find substantial compliance. Additionally, defendant here, unlike in Jarrett, is not complaining that he did not receive the benefit of his bargain; rather, defendant is arguing that the improper admonitions prevented him from understanding the bargain in the first place. Jarrett, therefore, is distinguishable from this case.

Second, and perhaps more importantly, while a defendant facing probation revocation is entitled to fewer procedural protections than a defendant facing an original criminal prosecution, one of the explicit procedural protections to which a probation revocation defendant is entitled is a clear explanation of the sentencing range he faces. 210 Ill. 2d R. 402A(a)(6). The State does not and cannot contend that defendant here ever received a clear explanation of the sentencing range he was facing. Accordingly, we reject the State's contention.

The State also argues, in the alternative, that the admonition issue is moot because defendant's original sentence of TASC probation was illegal and void ab initio. We fail to see the relevance of this argument. In fact, it cuts strongly against the State's position because, if defendant received an illegally lenient sentence and was consistently advised that this same illegally lenient

sentence was among the range of sentences he could receive when his probation was revoked, then defendant was never in a position to understandingly admit to the allegations in the petition ro revoke his probation, because he was never properly informed of the consequences of such an admission.

We note that the State correctly points out that defendant is not attacking and cannot attack his original plea of guilty. Neither is defendant contending that his current sentence is improper or illegal in some manner. All that defendant contends here is that, under all of the circumstances of this case, including the illegal initial sentence of TASC probation, he was never properly admonished regarding his decision to admit to the allegations in the petition to revoke probation. Having carefully considered the record, we agree.

For the foregoing reasons, the judgment of the circuit court of Du Page County is vacated and the cause remanded with directions to allow defendant to withdraw his admissions to the petition to revoke probation and for further proceedings consistent with this disposition, as necessary.

Vacated and remanded with directions.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.