NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240133-U

NO. 4-24-0133

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| RICHARD J. BECK, | ) | No. 17CF150 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jacquelyn D. Ackert, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2       On April 6, 2018, defendant, Richard Beck, pleaded guilty to two counts of misdemeanor battery (720 ILCS 5/12-3(a) (West 2016)) and one count of unlawful restraint (720 ILCS 5/10-3(a) (West 2016)). Pursuant to a plea agreement, the trial court sentenced defendant to 18 months of probation and 180 days in jail on the unlawful restraint charge, to be served concurrently with a jail sentence on the battery counts. Between June 2018 and February 2020, the State filed an original and three amended petitions to revoke defendant's probation. In February 2020, defendant admitted to one of the allegations in the third amended petition and agreed to be resentenced on the original conviction of unlawful restraint to two years in prison and six months

of mandatory supervised release (MSR). Defendant timely appealed, and the court appointed counsel to represent him.

¶ 3        Counsel now seeks to withdraw pursuant to the procedure in *Anders v. California*, 386 U.S. 738 (1967), contending any argument he might make would be meritless. Defendant was given notice that he had the opportunity to respond to the motion to withdraw, but he did not file a response. We grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        On June 30, 2017, defendant was charged with aggravated battery (720 ILCS 5/12-3.05(a)(5) (West 2016)) and three counts of battery (720 ILCS 5/12-3(a) (West 2016)). On April 6, 2018, the State amended the charges to add a count of unlawful restraint (720 ILCS 5/10-3(a) (West 2016)). These charges arose out of defendant's abuse of his girlfriend's three children in April 2017—he struck 10-year-old A.E.C. on the legs three times with a belt, hit 11-year-old C.T.C. three times on the chest with an open palm, and choked, strangled, and restrained 4-year-old E.G.G. with a belt.

¶ 6        Per a negotiated plea agreement, defendant entered a guilty plea to two of the three battery counts—for striking C.T.C. on the chest and A.E.C. on the legs—and the count of unlawful restraint of E.G.G. The State entered a *nolle prosequi* as to the remaining counts of battery and aggravated battery for strangling and choking E.G.G. Defendant agreed to a sentence of 18 months of probation and 180 days of imprisonment on the count of unlawful restraint, to be served concurrently with the battery counts, which had already been completed by way of credit for time served. The trial court properly admonished defendant before accepting his guilty plea.

¶ 7        On June 28, 2018, the State filed a petition to revoke defendant's probation, asserting that defendant had been arrested for unlawful possession of a firearm by a serious violent

felon in Lake County, Indiana. On October 30, 2018, the State amended the petition to add the allegation that on October 14, defendant committed the offenses of unlawful possession of a stolen vehicle and unlawful possession of a controlled substance in Cook County, Illinois. Defendant posted bond and was released on November 8, 2018. On January 10, 2019, defendant failed to appear at a pretrial conference in this case because he was in custody in Cook County. Defendant's hearings in 2019 were repeatedly continued because he was still in custody in Cook County.

¶ 8 On February 6, 2020, and again on February 10, 2020, the State amended the petition to revoke defendant's probation to add new allegations: (1) on November 1, 2018, defendant committed the offense of obstructing justice and identification in Lee County, Illinois, in case No. 2018-CF-250 and (2) on May 24, 2018, defendant violated the terms of his probation by leaving Illinois without consent of the trial court when he was in Indiana.

¶ 9 On February 10, 2020, defendant appeared before the trial court at a hearing on the State's petition to revoke his probation. The court explained that the State's petition alleged that defendant "willfully violated the terms of [his] probation order" by, among other acts, "leaving the state of Illinois without consent of the Court when [he was] present in the state of Indiana." The court then explained the possible penalties for the underlying charge. Defendant confirmed that he understood what the petition alleged and the possible penalties. Defendant admitted to the allegation in the State's third amended petition that he left the state of Illinois without consent and understood he was to be resentenced on the underlying charge of unlawful restraint. Defendant confirmed that he understood that by admitting to the petition he waived his

> "right to have a hearing, the right to see, hear, and cross-examine all witnesses called to testify against [him,] *** the right to present evidence in [*sic*] [his] own defense, *** the right to remain silent, the right to be presumed innocent, the right

to require the State to prove [him] guilty beyond a preponderance of the evidence, the right to plead not guilty, and the right to an attorney."

Defendant also confirmed that no one forced him or made promises to him to get him to admit to the petition. The court did not explicitly ask the State for a factual basis for this admission, but it asked defendant to confirm that he was "admitting to paragraph 4 *** in the Third Amended Petition" that the court had read to him that morning. The court accepted defendant's admission and scheduled a sentencing hearing.

¶ 10    The sentencing hearing was continued in June and August 2020 because defendant was again in custody in Cook County. On September 1, 2020, defendant failed to appear for the hearing, and Cook County personnel advised the trial court that he was no longer in their custody. The court issued a warrant for defendant's arrest.

¶ 11    On December 21, 2023, defendant was before the trial court for sentencing. The parties presented the court with an agreed disposition. Defendant agreed to be resentenced on the underlying offense of unlawful restraint to a 2-year term in the Illinois Department of Corrections (DOC), followed by 6 months of MSR, with 1693 days of credit for time served between (1) July 7, 2017, and April 6, 2018, and (2) February 10, 2020, and December 21, 2023. This sentence would run concurrently with the sentence in Cook County case No. 21-CR-523901. In exchange, the State agreed to vacate defendant's balance of $24 and dismiss case No. 2018-CF-250, which involved an unrelated charge of obstructing justice and identification in Lee County, Illinois. Defendant confirmed his understanding of this agreement and waived his right to a presentence investigation report, which the court accepted. The court then imposed the agreed upon sentence.

¶ 12    This appeal followed.

- 4 -

¶ 13                                II. ANALYSIS

¶ 14        Appellate counsel moves for leave to withdraw. Counsel supports his motion with a memorandum, which states he considered raising two issues on defendant's behalf: (1) whether the trial court complied with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003), governing admissions in proceedings to revoke probation and (2) whether defendant's two-year sentence is legally proper. Counsel explains why he concluded neither issue has arguable merit.

¶ 15        We consider counsel's motion to withdraw under the procedure set out in *Anders*. After examining the record, we agree that the two issues counsel identifies lack arguable merit, and we have identified no other arguably meritorious issues. We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 16                                A. Rule 402A

¶ 17        Counsel states that he considered arguing that the trial court did not substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) when accepting defendant's admission to the allegation in the State's third amended petition to revoke his probation. Counsel is correct that this argument would be meritless.

¶ 18        Rule 402A governs admissions in proceedings to revoke probation. It states that the trial court:

> "shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
> > (1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;

- 5 -

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a)(1)-(6) (eff. Nov. 1, 2003).

The court must also ensure that the admission is "voluntary and not made on the basis of any coercion or promise" and that "there is a factual basis for the defendant's admission or stipulation." Ill. S. Ct. R. 402A(b), (c) (eff. Nov. 1, 2003).

¶ 19        Rule 402A merely requires "substantial compliance," "meaning a specific and affirmative showing in the record that the defendant understood each of the required admonitions."

*People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). "Our review of this legal question" of whether the court substantially complied with Rule 402A "is *de novo*." *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

¶ 20    Here, the trial court substantially complied with all the requirements of Rule 402A. First, it explicitly addressed the matters required by Rule 402A(a)(1),(b). It described the allegations in the State's third amended petition for revocation of probation as required by Rule 402A(a)(1). It then informed defendant that the underlying charge was "a Class 4 felony" and explained the possible penalties, as required by Rule 402A(a)(6). Defendant confirmed that he understood the allegations of the third amended petition and the possible penalties.

¶ 21    Next, the trial court complied with Rule 402A(a)(2)-(5) by asking defendant whether he understood "if [he] admit[ted] to paragraph 4 of the Petition [about leaving the state of Illinois] today," that he:

> "would be waiving or giving up the following rights: *** the right to have a hearing, the right to see, hear, and cross-examine all witnesses called to testify against [him], *** the right to present evidence in [his] own defense, and the right to subpoena witnesses to testify in [his] behalf, *** the right to remain silent, the right to be presumed innocent, the right to require the State to prove you guilty beyond a preponderance of the evidence, the right to plead not guilty, and the right to an attorney."

Defendant confirmed that he understood his rights and that he would be "waiving or giving up all those rights and there's not going to be a hearing" if he "admit[s] to the Petition today."

¶ 22    The trial court further complied with Rule 402A(b) by asking defendant whether "anyone [was] forcing [him] to admit to the Petition today" and if "anyone [had] made any

- 7 -

promises to [him] to get [him] to admit to the Petition today." Defendant answered "no" to both questions. After defendant confirmed that he was "admitting to paragraph 4 that's set forth in the Third Amended Petition," the court accepted defendant's admission.

¶ 23　　　　Finally, while the trial court did not explicitly ask the State to present the "factual basis for the defendant's admission or stipulation" under Rule 402A(c), it substantially complied with this requirement. Ill. S. Ct. R. 402A(c) (eff. Nov. 1, 2003). Under this section, " '[a]ll that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts *** required to constitute the offense to which the defendant is pleading guilty.' " *People v. Dennis*, 354 Ill. App. 3d 491, 497 (2004) (quoting *People v. Barker*, 83 Ill. 2d 391, 327-28 (1980)). Here, the factual basis for the allegation was already contained in the allegation itself—that defendant violated the terms of his probation by leaving the state of Illinois when he was present in the state of Indiana. The court repeatedly confirmed that defendant was admitting to this particular allegation. Based on this information, the court had a basis to reasonably reach the conclusion that defendant committed the act that violated his probation. See *Dennis*, 354 Ill. App. 3d at 496-97 (there was a factual basis on which the "court could have reasonably concluded that [the] defendant had violated a condition of probation" when defense counsel "admitted that [the] defendant failed to report to his probation officer during a four-month period"). After all, had the court explicitly asked the State to explain the factual basis, the State would have simply repeated the allegation. The court thus substantially complied with all the requirements of admonishing defendant about his admission to the petition to revoke probation under Rule 402A.

¶ 24                                    B. Sentencing

¶ 25         Counsel next states that he considered challenging the legality of defendant's two-year prison sentence. Defendant agreed to be sentenced to two years in DOC and six months of MSR in exchange for the State vacating a $24 balance and dismissing case No. 2018-CF-250, which involved an unrelated charge for obstructing justice and identification in Lee County, Illinois. Defendant had a credit of 1693 days for time served and had therefore already completed the 2-year—or 730 day—sentence when it was imposed. Thus, as counsel notes, the completion of defendant's sentence renders any sentencing issue moot. *People v. Morger*, 2019 IL 123643, ¶¶ 14-15 (stating "the completion of defendant's sentence *** would render this matter moot," and "as a general rule, we will not decide moot questions"); *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 10 ("[A] challenge to the validity of an imposed sentence becomes moot once the entire sentence has been served."). DOC's website, which is a public website, reflects that defendant is still currently in custody on his concurrent sentence in Cook County case No. 21-CR-523901 and has thus not begun the six-month MSR he was sentenced to in this case. See *Cordrey v. Prisoner Review. Board*, 2014 IL 117155, ¶ 12 n.3 ("This court may take judicial notice of [DOC] records because they are public documents."). However, this does not change our mootness analysis, as "the MSR term is statutorily mandated" and "the court has no authority to withhold it in imposing sentence." *People v. Boykins*, 2017 IL 121365, ¶ 11.

¶ 26         Even if this issue fell under an exception to the mootness doctrine, however, counsel is correct that there is no nonfrivolous argument that the trial court erred in sentencing defendant, as agreed, to two years in DOC. Defendant waived a presentence investigation report and agreed to the sentence imposed. Defendant did not file a motion to reconsider or modify the sentence after the hearing. Thus, any challenges to sentencing errors have been forfeited. *People*

*v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). There is "a narrow and limited exception" to the rule of procedural forfeiture under the plain error doctrine, which requires a defendant to show that "a clear or obvious error occurred" and "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. Here, there was no error, let alone plain error.

¶ 27    When a defendant's probation is revoked, the trial court should impose a sentence that would have been appropriate for the underlying offense in the first place. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 30. "[A] reviewing court presumes that a sentence imposed within the statutory range" is proper. *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56. A sentence will only be reversed if it is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210 (2000). Here, defendant was convicted of unlawful restraint, which is a Class 4 felony. 720 ILCS 5/10-3(b) (West 2016). For a Class 4 felony, the "sentence of imprisonment shall be a determinate sentence of not less than one year and not more than 3 years." 730 ILCS 5/5-4.5-45(a) (West 2022). Thus, defendant's two-year sentence was within the statutory range, and we see no reason to discard the presumption that it was proper.

¶ 28                         III. CONCLUSION

¶ 29    For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 30    Affirmed.