NO. 4-03-1032

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

          v.

MICHAEL DENNIS,

          Defendant-Appellant.

)

)

)

)

)

))) 

Appeal from

Circuit Court of

Vermilion County

No. 99CF325

Honorable

Thomas J. Fahey,

Judge Presiding.

JUSTICE APPLETON delivered the opinion of the court:

Instead of requiring the State to prove its petition to revoke probation, defendant, Michael Dennis, admitted one of the alleged violations.  On the strength of that admission, the trial court granted the petition and resentenced him to imprisonment.  He appeals because in the hearing on the petition, the trial court failed to give him all the admonitions the supreme court required in 
People v. Hall
, 198 Ill. 2d 173, 181, 760 N.E.2d 971, 975 (2001).  We find substantial compliance with 
Hall
 and, therefore, affirm the judgment.

I. BACKGROUND

In October 1999, pursuant to a negotiated plea of guilty to one count of possession of a controlled substance (720 ILCS 570/402(c) (West 1998)), the trial court sentenced defendant to two years' probation.  The State filed a petition to revoke his probation on October 26, 2000, and filed a second such petition on May 22, 2001.  Both times, defendant admitted the petitions, and both times, after admonishing him on his constitutional rights (including his rights to be represented by an attorney and to confront his accusers) and asking him if he understood those rights, the court accepted the admissions and resentenced him to 30 months' probation.

On May 28, 2003, the State filed a third petition to revoke probation.  On June 13, 2003, the trial court arraigned defendant on that petition, admonishing him on his rights to be represented and "to confront or cross-examine every witness [whom] the [S]tate intend[ed] to call against [him,] right [t]here in open court."       

On July 15, 2003, in the hearing on the third petition, defense counsel told the trial court:

"MR. McINTIRE:  Judge, Mr. Dennis is going to admit *** [p]aragraph [3 of the petition,] which alleges he failed to report [to the probation office] for the months of November and December[] 2002 and February and April[] 2003.  I believe the State will withdraw the other paragraphs of the petition.  There is no agreement as to sentence.

* * *

THE COURT:  ***  You understand that you have the right to require the State to prove these charges?

THE DEFENDANT:  Yes, sir, I do.

THE COURT:  All right.  And if I accept an agreement today, you would be giving up your right to require the State to prove what the petition says, and [it] won't have to present any evidence.  Do you understand that?

THE DEFENDANT:  Yes, sir.

* * *

THE COURT:  All right.  Well, this charge--the underlying offense is a Class [4] felony, so the maximum penalty would be one to three years in the penitentiary.  If there are certain enhanced--enhancing factors present, it would be [3] to [6] years, up to [2 1/2] years on probation, and [a] [1-]year mandatory supervised release term, up to $25,000 fine.  Do you have any question about what the maximum possible penalty could be?

THE DEFENDANT:  No, sir.

THE COURT:  I'm told that you want to enter into an agreement today on this?  Is that true?

THE DEFENDANT:  Yes, sir.

THE COURT:  Is anybody forcing you to enter into this agreement?

THE DEFENDANT:  No, sir.

THE COURT:  You're doing it freely and voluntarily?

THE DEFENDANT:  Yes, sir.

* * *

THE COURT:  All sentencing options are available, so you can be evaluated and see what might be appropriate.  Any other questions at this time?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  Well, let's see.  Do I need a factual basis on this kind of a petition?

MR. BRINEGAR [(Prosecutor)]:  No, [Y]our Honor.

MR. McINTIRE:  I don't know that you do.  I think we would agree that for his scheduled appointments in the probation office [in] November and December of 2002 and [in] February and April[] 2003, Mr. Dennis, in fact, did not appear ***.

THE COURT:  All right.  Would you agree with that, Mr. Dennis?

THE DEFENDANT:  Yes, sir, I would.

THE COURT:  Do you have anything else you'd like to say about that?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  Well, there is a factual basis for the admission.  I will accept the admission as to [p]aragraph [3] of the petition to revoke [probation].  The other allegations will be dismissed."

On October 14, 2003, the trial court sentenced defendant to 35 months' imprisonment, with credit for 125 days.

This appeal followed.

II. ANALYSIS

A. Rights to Confrontation and Representation

A defendant can admit a violation of probation instead of requiring the State to prove it, but before accepting the admission, the trial court must admonish the defendant and make sure the following propositions are true:

"(1) the defendant understands the specific allegations in the State's petition to revoke probation;

(2) the defendant understands that he has the right to a hearing[,] with defense counsel present[,] at which the State must prove the alleged violation, and that he has the rights of confrontation and cross-examination at such a hearing;

(3) the defendant's admission is voluntarily made and not made on the basis of any coercion or promises, other than any agreement as to the disposition of his case;

(4) the defendant understands the consequences of his admission or the sentencing range for the underlying offense; and

(5) a factual basis exists for the admission."  
Hall
, 198 Ill. 2d at 181, 760 N.E.2d at 975.

(Illinois Supreme Court Rule 402A, entitled "Admissions or Stipulations in Proceedings to Revoke Probation, Conditional Discharge[,] or Supervision," went into effect on November 1, 2003.  Official Reports Advance Sheet No. 23 (November 12, 2003), R. 402A, eff. November 1, 2003.  Defendant does not contend this new rule has retroactive application.)

In the present case, in the hearing in which defendant admitted paragraph 3 of the State's third petition to revoke probation, the trial court failed to admonish him on two of his rights:  (1) his right to have "defense counsel present" in the hearing on the petition to revoke probation and (2) his right to cross-examine witnesses in the hearing.  In previous hearings, however, the court admonished defendant on those rights.

The State invites us to consider cases interpreting Illinois Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)).  Rule 402 does not apply to proceedings to revoke probation (
Hall
, 198 Ill. 2d at 179, 760 N.E.2d at 974), but the requirements in that rule and in 
Hall
 mostly overlap.  
Cf.
 177 Ill. 2d Rs. 402(a), (b), (c), with
 
Hall
, 198 Ill. 2d at 181, 760 N.E.2d at 975.  For example, both Rule 402(a)(4) (177 Ill. 2d R. 402(a)(4)) and 
Hall
, 198 Ill. 2d at 181, 760 N.E.2d at 975, require an admonition on the right to confront one's accusers.  A defendant in a proceeding to revoke probation has fewer, rather than more, procedural rights than a defendant who still awaits trial.  
Hall
, 198 Ill. 2d at 177, 760 N.E.2d at 973.  The supreme court has held that "substantial compliance" with Rule 402(a) satisfies due process.  
People v. Fuller
, 205 Ill. 2d 308, 323, 793 N.E.2d 526, 537 (2002).  "Substantial compliance" means that although the trial court did not recite to the defendant, and ask the defendant if he or she understood, an item listed in Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant in fact understood that item.  
People v. Walker
, 109 Ill. 2d 484, 498-99, 488 N.E.2d 529, 535 (1985); 
People v. Stewart
, 101 Ill. 2d 470, 485-86, 463 N.E.2d 677, 685 (1984); 
People v. Barker
, 83 Ill. 2d 319, 329-30, 415 N.E.2d 404, 408-09 (1980); 
People v. Ellis
, 59 Ill. 2d 255, 257, 320 N.E.2d 15, 16 (1974).

As 
Hall
 in effect adopted the same admonition required by Rule 402 for admissions at a probation revocation hearing, it would seem logical that the case law developed under that rule, which requires substantial compliance, would apply to the mandate of 
Hall
 and the subsequently adopted Rule 402(a).

If substantial compliance with Rule 402(a) satisfies due process and defendants in proceedings to revoke probation have no more procedural rights than defendants in criminal trials, it must follow that substantial compliance with 
Hall
 would likewise satisfy due process.  Decisions finding substantial compliance with Rule 402(a) apply to 
Hall
.  Even though Rule 402A was enacted too recently to apply to this case, we note it requires only "substantial compliance."  Official Reports Advance Sheet No. 23 (November 12, 2003), R. 402A, eff. November 1, 2003. 

The goal is to ensure that defendant understood his admission, the rights he was waiving, and the potential consequences of his admission.  See 
People v. Louderback
, 137 Ill. App. 3d 432, 435, 484 N.E.2d 503, 505 (1985).  As the doctrine of substantial compliance recognizes, that goal is achievable by means other than reciting all of the information to the defendant at the time of the admission.  (Literal compliance is preferable, however, because it leaves no room for doubt or dispute.)  We may consider the entire record, including the record of earlier proceedings, to decide whether a defendant understood the items listed in Rule 402(a) or in 
Hall
.  See 
People v. Krantz
, 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562 (1974).  "Although the best practice is to give the admonition at the time of accepting the waiver, the failure to do so is not necessarily fatal.  Each case must be determined on its own peculiar circumstances, with the principal focus upon the length of time between the waiver *** and the plea."  
People v. Ray
, 130 Ill. App. 3d 362, 365, 471 N.E.2d 933, 936 (1984).

We ask whether, realistically, an ordinary person in defendant's position would have understood, from the earlier proceedings, that by admitting paragraph 3 of the third petition to revoke his probation, he was giving up his right to cross-examine his accusers in an evidentiary hearing in which he would be represented by an attorney.  See 
Krantz
, 58 Ill. 2d at 193, 317 N.E.2d at 563.  The only reasonable answer is yes.  The trial court admonished him over and over again on those rights, most recently a month before the admission at issue in this case.  Considering the repetition and recency of the admonitions, we find substantial compliance with 
Hall
.

B. Factual Basis

As defendant points out, the attorneys for both parties incorrectly told the trial court a factual basis was unnecessary.  See 
Hall
, 198 Ill. 2d at 181, 760 N.E.2d at 975.  Their faulty advice caused no harm, however, because defense counsel went ahead and gave a factual basis:  he admitted that defendant failed to report to his probation officer during a four-month period.  From that information, the court could have reasonably concluded that defendant had violated a condition of probation.  "All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts *** required to constitute the offense to which the defendant is pleading guilty."  
Barker
, 83 Ill. 2d at 327-28, 415 N.E.2d at 408.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.     

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.