NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220603-U

NO. 4-22-0603

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 27, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JASON EUGENE RANDOLPH, | ) | No. 18CF2904 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer J. Clifford, |
| | ) | Judge Presiding. |

---

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly admonished defendant pursuant to Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003).

¶ 2    The trial court sentenced defendant, Jason Eugene Randolph, to a 30-month period of probation pursuant to a plea agreement. The State filed a petition to revoke defendant's probation, alleging multiple violations. Defendant admitted to one of the allegations, namely failing to report to the probation office on a particular day. The court revoked defendant's probation and sentenced him to five years' imprisonment. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 3    Defendant raises one issue. He claims the trial court did not give him all the admonishments required by Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) before accepting his admission to a violation of a term of probation.

¶ 4        We affirm.

¶ 5                                    I. BACKGROUND

¶ 6        On November 13, 2018, the State filed a two-count complaint, including a charge alleging defendant committed aggravated domestic battery by strangulation (720 ILCS 5/12-3.3(a-5) (West 2018)). On December 5, 2018, defendant was charged by indictment with the same offense, as well as two other offenses. On February 26, 2019, he pleaded guilty to the aggravated domestic battery charge, and pursuant to a plea agreement, the State moved to dismiss the other two counts of the indictment. The plea agreement provided, *inter alia*, for a 30-month period of probation and reporting to the probation office as directed. The trial court accepted the negotiated disposition, and sentenced defendant accordingly.

¶ 7        Relevant to our disposition, during the trial court's colloquy with defendant at the time of his plea, the court advised defendant of his right at a trial to present witnesses and to confront and cross-examine the State's witnesses.

¶ 8        On April 10, 2019, the State filed a petition to revoke defendant's probation, alleging on five occasions defendant "had contact" with the victim, including one incident where he went to the victim's home and entered it without permission. Over a year later, on May 8, 2020, the State filed an amended petition to revoke, which included the prior allegations but added allegations defendant had failed to report to the probation office since April 2019 and failed to participate in and complete certain counselling. On May 29, 2020, defendant admitted he failed to report to the probation office as directed on April 16, 2019.

¶ 9        In the course of accepting defendant's admission to the single allegation of the petition, the trial court (1) described the specific conduct he was admitting, (2) advised defendant he had the right to a hearing, where the burden would be on the State to prove the allegations by a

preponderance of the evidence, or that they were "more likely true than not," (3) advised him, because of his admission, there would be no hearing, (4) told defendant he was admitting to a Class 2 felony and described the court's sentencing options, and (5) advised him, since there was no agreement on the disposition, the court would determine the sentence. As to each of these admonitions, defendant advised the court he understood.

¶ 10　　　　　The trial court also told defendant, relative to the sentencing hearing, "you and your attorney can argue; you can put on any witnesses; and do what you want to try to get whatever sentence that you want." In the context of warning defendant about the failure to appear at the resentencing hearing or "trial," the court advised him, "that would be taken as a waiver of your right to confront and cross-examine the State's witnesses." Defendant also confirmed he understood these admonitions. Defendant acknowledged he could ask the court questions if he did not understand what was occurring, and that he understood what he was doing. Defendant also confirmed he had discussed the disposition with his attorney, and on several occasions he told the court he did not need additional time to talk with his attorney.

¶ 11　　　　　On June 3, 2022, the trial court sentenced defendant to five years' imprisonment. Shortly thereafter, defendant filed a motion seeking reconsideration of his sentence, which the court denied on July 15, 2022.

¶ 12　　　　　This appeal followed.

¶ 13　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　　　　　　　　　A. Standard of Review

¶ 15　　　　　Because defendant claims the trial court did not comply with Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003), which is a legal question, our standard of review is *de novo*. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007).

¶ 16                              B. Rule 402A Generally

¶ 17        Though defendant repeatedly frames the issue generally as the trial court's failure

to comply with Rule 402A , he argues only the court's failure to comply with subsection 3. Ill. S.

Ct. R. 402A(a)(3) (eff. Nov. 1, 2003). This subsection requires the court to advise defendant of his

right at the probation revocation hearing, which he was waiving, to confront and cross-examine

the State's witnesses and to present his own witnesses. *Id*. Given defendant's broad claim, we will

briefly address the court's overall compliance with the rule, before tackling his specific claim.

¶ 18        Rule 402A's precatory language requires "substantial compliance" with its

provisions. The rule further provides, in pertinent part:

> "Admonitions to Defendant. The court shall not accept an admission to a
>
> violation, or a stipulation that the evidence is sufficient to revoke, without first
>
> addressing the defendant personally in open court, and informing the defendant of
>
> and determining that the defendant understands the following:
>
> (1) the specific allegations in the petition to revoke probation, conditional
>
> discharge or supervision;
>
> (2) that the defendant has the right to a hearing with defense counsel present,
>
> and the right to appointed counsel if the defendant is indigent and the underlying
>
> offense is punishable by imprisonment;
>
> (3) that at the hearing, the defendant has the right to confront and
>
> cross-examine adverse witnesses and to present witnesses and evidence in his or
>
> her behalf;
>
> (4) that at the hearing, the State must prove the alleged violation by a
>
> preponderance of the evidence;

- 4 -

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 19 The trial court unquestionably admonished defendant of the required matters described in subsections 1, 4, and 6. Ill. S. Ct. R. 402A(a)(1), (4), (6) (eff. Nov. 1, 2003). In short, the court described the allegations to which he was admitting, informed defendant he had a right to a hearing at which the State would be required to prove the allegations by a preponderance of the evidence, and advised defendant of all of the court's sentencing options.

¶ 20 As to subsections 2 and 5, the trial court also complied with the rule, referencing the assistance of his attorney at the hearing and stating there would not be a hearing on the allegations given his admission. Ill. S. Ct. R. 402A(a)(2), (5) (eff. Nov. 1, 2003).

¶ 21 C. Defendant's Rights of Confrontation and to Present Witnesses

¶ 22 As for defendant's specific claim the trial court did not advise him of his right of confrontation and right to present witnesses, we also find the court did not commit error.

¶ 23 Because probation revocation proceedings only take place after a criminal conviction, a defendant facing revocation "is entitled to fewer procedural rights than a defendant facing trial." *People v. Hall*, 198 Ill. 2d 173, 177 (2001). However, the proceeding must still

provide the defendant due process. *Id*. at 177-78. Due process in this context requires a trial court to determine:

"(1) the defendant understands the specific allegations in the State's petition to revoke probation;

(2) the defendant understands that he has the right to a hearing with defense counsel present at which the State must prove the alleged violation, and that he has the rights of confrontation and cross-examination at such a hearing;

(3) the defendant's admission is voluntarily made and not made on the basis of any coercion or promises, other than any agreement as to the disposition of his case;

(4) the defendant understands the consequences of his admission or the sentencing range for the underlying offense; and

(5) a factual basis exists for the admission." *Id*. at 181.

¶ 24    Rule 402A embodies the supreme court's subsequent codification of these due process requirements. *Ellis*, 375 Ill. App. 3d at 1045.

¶ 25    Further, we have held "substantial compliance means that although the trial court did not recite to the defendant, and ask the defendant if he or she understood, an item listed in [the] Rule ***, the record nevertheless affirmatively and specifically shows that the defendant in fact understood that item." (Internal quotation marks omitted.) *People v. Dennis*, 354 Ill. App. 3d 491, 495 (2004).

¶ 26    The purpose of the admonitions prior to accepting an admission to a petition to revoke probation "is to ensure that [a] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission." *Id.* at 496. "Substantial compliance" does not require "reciting all of the information," though "[l]iteral compliance is preferable." *Id.*

¶ 27    On appellate review, to determine whether a defendant understood the admonitions, we can consider the record as a whole, including what transpired during earlier proceedings. *Id*. The determination is exceptionally fact specific to each matter. *Id*. Overall, we consider "whether, realistically, an ordinary person in defendant's position would have understood, from the earlier proceedings, that by admitting" to a violation the defendant was aware of the rights foregone. *Id*.

¶ 28    In *Dennis*, we answered this query with a definitive yes, noting the trial court had admonished the defendant of his right to confront and cross-examine the State's witnesses with the assistance of counsel during other hearings in the same matter repeatedly, and as recently as one month prior to the admission before the trial court. *Id*. Specifically, the trial court admonished defendant he had the right to be represented by counsel and confront his accusers when the court accepted his admissions to the first and second petitions to revoke probation, and the right to confront and cross-examine the State's witnesses in open court when it arraigned defendant on the third petition to revoke, which was before the appellate court. *Id*. at 493. At the hearing on the admission to the petition to revoke, the trial court made no reference to defendant's rights to confront or cross-examine witnesses or have the benefit of counsel. *Id*. at 493-94. Noting the "repetition and recency" of the admonishments at issue, however, we found the trial court had substantially complied with *Hall*. *Id*. at 496.

¶ 29    Here, we find the trial court substantially complied with Rule 402A(a)(3). First, the court advised defendant, at the time of his guilty plea to the underlying charge, that the plea constituted a waiver of his rights at trial, including his rights to confront, cross-examine, and present witnesses. Second, at the time of his admission to the probation violation, the court, *inter alia*, told defendant, relative to the upcoming sentencing hearing, "[Y]ou can put on any witnesses; and do what you want to try to get whatever sentence that you want." Third, at the same

hearing, the court advised defendant the failure to appear for trial or the resentencing hearing "would be taken as a waiver of your right to confront and cross-examine the State's witnesses." Fourth, defendant repeatedly acknowledged in response to the court's inquiries, at the time he admitted violating the condition of probation that he understood his rights, what was occurring, and what he was doing.

¶ 30 We recognize the timing of these admonitions did not comply with the literal language of the rule. However, given defendant was due fewer procedural rights since he was facing the revocation of his probation, and our review is very fact specific, the fact the trial court advised him of the right to present witnesses in the context of the sentencing hearing and of the right to confrontation in the context of the prospect of waiver should he fail to appear is not necessarily problematic. The court identified these two rights simultaneously with the giving of the other admonishments. The court did so at the same hearing and within a few minutes, if not seconds, of the other admonishments. In short, the court, as a practical matter, identified for defendant all the rights it should have during the same colloquy.

¶ 31 Thus, the totality of the circumstances convinces this court defendant realistically understood he was giving up his right of confrontation and his right to present witnesses. The trial court was not required to admonish defendant verbatim. We again note reciting the admonitions is preferable, though only substantial compliance with Rule 402A(a)(3) is required. We find the court substantially complied with Rule 402A. Further, although we have found no case presenting similar circumstances from which we could find the court did not comply with Rule 402A because of a deficiency in its handling of just one of the admonishments, given it properly gave the others, we note such a finding would be tantamount to the rejection of substantial compliance in favor of strict compliance. The latter, of course, is not what is mandated.

¶ 32 Defendant directs us to several cases in support of his argument, but they are distinguishable. First, in *Ellis*, the trial court erroneously and consistently, during both the underlying proceeding and the probation revocation proceeding, advised the defendant he was subject to Class 2 felony penalties, when in fact, at all times he was facing sentencing as a Class X offender. *Ellis*, 375 Ill. App. 3d at 1046. In another case, the trial court omitted reference to the defendant's right to present evidence, the State's burden of proof, the right to assistance of counsel, and a comprehensive description of the potential penalties. *People v. Curry*, 2019 IL App (3d) 160783, ¶¶ 8, 23. In the last case, the trial court (1) failed to determine if the defendant understood the specific allegations, instead asking only if he had discussed them with his attorney and understood them, (2) did not advise the defendant he had a right to a hearing where he could confront witnesses, present evidence, and where the State bore the burden, (3) failed to ascertain whether the defendant's plea was voluntary and whether there was a factual basis, and (4) failed to describe the potential penalties. *People v. Saleh*, 2013 IL App (1st) 121195, ¶¶ 6, 15. Thus, the failures of these trial courts to substantially provide the appropriate admonitions are qualitatively different than what we are faced with here, given in the former, the court recited an incorrect penalty structure repeatedly, and in the latter two cases, the courts each omitted multiple admonishments. Here, the trial court did neither.

¶ 33 Therefore, we find the trial court committed no error in admonishing defendant of his rights relative to his admission to a violation of a condition of probation.

¶ 34                                III. CONCLUSION

¶ 35 For the foregoing reasons, we affirm the trial court's judgment.

¶ 36 Affirmed.