NOTICE

Decision filed 09/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220809-U

NO. 5-22-0809

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | De Witt County. |
| | ) | |
| v. | ) | No. 21-CF-82 |
| | ) | |
| CHARLES D. LAWSON, | ) | Honorable |
| | ) | Karle E. Koritz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Where the circuit court properly admonished defendant pursuant to Illinois Supreme Court Rule 402A, defendant's lengthy criminal history and poor record of complying with probation justified a near-minimum prison sentence, the court did not penalize defendant for his silence in connection with the presentence investigation report, and clearly sentenced him for the underlying conviction rather than the probation violation, the court did not err in revoking defendant's probation and sentencing him. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2     Defendant, Charles Lawson, pleaded guilty to threatening a public official and was sentenced to two years' probation. After revoking his probation, the circuit court sentenced him to two years and nine months in prison. Defendant appeals.

¶ 3     Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court

1

erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal and OSAD's motion supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                          BACKGROUND

¶ 5        Defendant was charged after a Facebook post in which he threatened an investigator from the Department of Children and Family Services (DCFS). Per agreement, the circuit court sentenced him to two years' probation with the standard conditions including reporting regularly to the probation department.

¶ 6        On March 17, 2022, the State petitioned to revoke defendant's probation, alleging that he had not reported to the probation department on January 6, 2022, and March 8, 2022. At a subsequent hearing, defendant admitted the allegations. He acknowledged that he had a right to deny the allegations and demand a hearing at which he would have the right to confront and cross-examine witnesses, present evidence, and call his own witnesses. The court explained that because defendant was eligible for an extended term, the sentencing range was 2 to 10 years' imprisonment. Defendant confirmed that he was not forced or threatened to admit to the allegations, nor was he promised anything.

¶ 7        The factual basis was that Crissy Bachman of the De Witt County probation office would testify that defendant did not report on January 6, 2022, and March 8, 2022, as required and, indeed, had not reported to probation since December 6, 2021. The court found the admission voluntary and supported by a sufficient factual basis.

¶ 8    At sentencing, defendant testified that he did not attend the presentence investigation (PSI) interview.  He provided some of the information via his testimony.  He said that he supported himself by doing odd jobs around town.  He missed the probation appointments and the PSI interview because he was working, and he feared that if he missed work too often, he would no longer be hired.  He tried to call the probation office "a couple of times," but eventually gave up.

¶ 9    Defendant said that he had not used alcohol for three or four years.  When he committed this offense, he was using methamphetamine but stopped when he went to jail.

¶ 10   The court sentenced defendant to two years and nine months in prison.  The court concluded that he was unlikely to comply with probation going forward given his noncompliance with his current probation.  Considering defendant's criminal history, the court noted that it was lengthy, but also noted that he had not committed an offense in 11 years before this one.

¶ 11   The court doubted defendant's claims that he was drug and alcohol free given his failure to report to probation to be tested.  It also questioned his claim that he missed probation appointments due to work, noting that being sent to prison would render him unable to work.

¶ 12   Further, the court noted that defendant had two juvenile offenses resulting in probation. One such probation had been extended by six months, leading to the inference that defendant had not complied.  The court observed that, as an adult, defendant had had two previous sentences of probation revoked.  The court stated that it would not hold against him his silence for his apparent unwillingness to make statements for purposes of the PSI.  However, the court did consider that he failed to even appear for the appointment.  Finally, the court remarked that defendant's conduct toward the DCFS worker was "egregious" and that he had behaved poorly during his arrest.

¶ 13   Defendant moved to reconsider the sentence.  He argued that the court violated his fifth amendment rights by considering his silence in refusing to answer questions for the PSI.  The court

3

denied the motion, reiterating that it did not consider his silence but his failure to attend the appointment at all. Defendant timely appealed.

¶ 14                                                ANALYSIS

¶ 15    OSAD concludes that there is no reasonably meritorious argument that the circuit court erred in revoking defendant's probation, resentencing him, or denying his motion to reconsider. We agree.

¶ 16    OSAD first concludes that there is no question that the court complied with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) before revoking defendant's probation. That rule requires that before accepting a stipulation to a petition to revoke probation the court must advise a defendant: (1) of the petition's specific allegations, (2) that he or she has the right to a hearing with defense counsel present, (3) that he or she has the right to confront and cross-examine witnesses and to present witnesses and evidence, (4) that the State must prove the alleged violation by a preponderance of the evidence, (5) that if he or she admits a violation he or she waives the right to a hearing, and (6) of the sentencing range for the underlying offense. Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003). The court need only substantially comply with the rule. *People v. Dennis*, 354 Ill. App. 3d 491, 494 (2004).

¶ 17    Here, the court substantially complied with the rule. Defendant understood that he had a right to deny the allegations and demand a hearing, where he would have the right to confront and cross-examine witnesses, present evidence, and call his own witnesses. The court advised him of the applicable sentencing range. He affirmed that he was not forced or threatened to admit to the allegations, nor was he promised anything to do so.

¶ 18    OSAD further concludes that the court did not err in resentencing defendant. When a defendant is found to have violated probation, the court may impose any sentence that would have

4

been appropriate for the underlying offense. *People v. Turner*, 233 Ill. App. 3d 449, 456 (1992). Trial courts have wide latitude to determine an appropriate sentence, and we review a court's sentencing decision only for an abuse of discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995).

¶ 19 Threatening a public official is a Class 3 felony. 720 ILCS 5/12-9(c) (West 2020). Defendant was eligible for an extended term and thus could have been sentenced to prison for between 2 and 10 years. 730 ILCS 5/5-4.5-40(a) (West 2020). Defendant's criminal history consisted of two juvenile adjudications for violent crimes and numerous adult convictions, including two burglaries, theft, operating an uninsured vehicle, violations of two orders of protection, and aggravated criminal sexual abuse. He had had two prior probation sentences revoked and the court noted his almost complete failure to comply with the probation conditions for this conviction. Thus, the court reasonably concluded that another sentence of probation would be inappropriate. But in sentencing defendant to prison, the court imposed a term only nine months above the minimum term for a Class 3 offense. We cannot say that the court abused its discretion in doing so.

¶ 20 OSAD further concludes that there is no meritorious argument that the court erred in denying defendant's motion to reconsider the sentence. Defendant argued that the court improperly considered his silence by refusing to attend the PSI interview.

¶ 21 A defendant's fifth amendment right against self-incrimination applies at the sentencing phase of proceedings. *People v. Maggio*, 2017 IL App (4th) 150287, ¶ 48 (citing *People v. Ashford*, 121 Ill. 2d 55, 80 (1988)). Therefore, a sentencing court may not consider a defendant's refusal to answer questions during a PSI interview. *Id.* ¶¶ 48-49.

5

¶ 22    Here, however, the court made clear that it was not penalizing defendant for refusing to answer questions, but for failing to attend the interview altogether. The court considered this as an aspect of defendant's general indifference to compliance with probation rather than a sincere desire to avoid self-incrimination. Defendant relayed much of the same information in his testimony at the hearing. Moreover, he testified that he missed the interview because he was working, not because he feared self-incrimination.

¶ 23    Finally, appellate counsel states that he considered arguing that trial counsel was ineffective for not contending that the court sentenced defendant for the conduct constituting the probation violation rather than for the underlying offense but concluded that such an argument would not be meritorious. In sentencing a defendant following a probation violation, the court must sentence him or her for the underlying offense, not the conduct constituting the probation violation. *People v. Varghese*, 391 Ill. App. 3d 866, 876 (2009). Nevertheless, the court may consider a defendant's conduct on probation as it reflects on his rehabilitative potential. *Id.*

¶ 24    Here, the court plainly stated that it was sentencing defendant for the underlying offense of threatening a public official. Nevertheless, it properly considered his conduct while on probation as reflecting on his rehabilitative potential. The court noted that he had previously had two probation sentences revoked and, in this case, almost completely failed to comply with the conditions of probation. From this the court reasonably concluded that defendant would be unlikely to comply with probation in the future, making a prison sentence necessary. Based on defendant's abysmal record while on probation, we cannot say that the court erred.

¶ 25                              CONCLUSION

¶ 26    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

6

¶ 27    Motion granted; judgment affirmed.