2024 IL App (5th) 220472-U
NO. 5-22-0472

NOTICE
Decision filed 02/06/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 20-CF-161 |
| | ) | |
| TANYA M. NELSON, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held:* Where this appeal does not present any issue of arguable merit, the defendant's appointed attorney on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2   The defendant, Tanya M. Nelson, pleaded guilty to possession of less than five grams of methamphetamine, a Class 3 felony, and she was sentenced to probation for one year. Subsequently, the State filed a petition to revoke the defendant's probation, and the defendant admitted the allegations contained in that petition. The circuit court held a resentencing hearing and imposed upon the defendant a sentence of imprisonment for a two-year term. The defendant appeals from the judgment of conviction. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit. On that basis, OSAD has filed a motion to withdraw as counsel, a supporting memorandum of law,

1

and a supplemental memorandum of law. See *Anders v. California*, 386 U.S. 738 (1967). OSAD properly served the defendant with copies of those documents. This court granted the defendant ample opportunity to file a *pro se* brief, memorandum, etc., showing cause why the judgment should not be affirmed or why OSAD should not be allowed to withdraw as counsel. However, the defendant has failed to file any type of response to OSAD's *Anders* motion. Having examined OSAD's *Anders* motion and the supporting memoranda of law, along with the entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of conviction, entered by the circuit court of Randolph County, is affirmed.

¶ 3                                    BACKGROUND

¶ 4              The Original Charge, and the Negotiated Plea and Sentence

¶ 5      In 2020, the defendant was charged by information with a single count of possession with intent to deliver less than five grams of methamphetamine, a Class 2 felony. See 720 ILCS 646/55(a)(2)(A) (West 2020).

¶ 6      In May 2021, the defendant, the defendant's public defender, and the prosecutor appeared before the circuit court, Judge Gross presiding. The attorneys announced a fully negotiated plea agreement. Under its terms, the State would amend the information to charge the defendant with (simple) possession of less than five grams of methamphetamine, a Class 3 felony (see 720 ILCS 646/60(b)(1) (West 2020)), and the defendant would plead guilty to the amended charge and would be sentenced to probation for a period of one year, with certain conditions, and would pay a $500 fine.

¶ 7      The circuit court admonished the defendant of the nature of the charge of possession of methamphetamine and the possible sentences, including an extended term of imprisonment, due

2

to a prior offense, for a minimum of 2 years to a maximum of 10 years, followed by 1 year of mandatory supervised release (MSR), and a fine of up to $25,000. The defendant indicated her understanding. The court also admonished her about the presumption of innocence, her right to a public trial, the State's burden of proving guilt beyond a reasonable doubt, her right to confront and cross-examine witnesses, her right to subpoena witnesses in her own defense, her right to remain silent, and the consequences of a guilty plea, and the defendant indicated her understanding of all these matters. In response to further queries from the court, the defendant indicated that no one had forced or threatened her into pleading guilty, that she was doing so freely and voluntarily, and that no one had promised her anything apart from that which had been stated in court. The State presented a brief factual basis for the plea, to which defendant's counsel stipulated.

¶ 8     The defendant pleaded guilty to possession of less than five grams of methamphetamine, and she signed a written plea of guilty. Both parties waived a presentence investigation report (PSI). The court imposed the agreed-upon sentence of probation for a period of one year and the fine of $500. The court's written probation order included conditions that the defendant (1) report to the probation department as directed and keep that office informed of her whereabouts and (2) undergo a substance-abuse assessment and all necessary treatment.

¶ 9     Then, the court substantially advised the defendant about her appeal rights (see Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001)). The court instructed her that she had 30 days in which to file a motion to withdraw her guilty plea, and that if the motion were granted, the judgment would be vacated and the cause would be set for a trial on the charge to which she had pleaded guilty, though the State could move to reinstate the charge of possession with intent to deliver. "[A]ny issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty would be deemed waived or given up." The court then asked the

3

defendant whether she understood those rights, and she answered, "Yes." Thus concluded the plea-and-sentencing hearing of May 2021.

¶ 10    The defendant did not file a motion to withdraw her guilty plea, whether within the 30-day period or outside of it. She did not do anything to pursue an appeal from the negotiated plea and sentencing.

¶ 11                    Probation Violation, Admission, and Resentencing

¶ 12    Nearly three months after the defendant began her period of probation, the State filed a petition to revoke probation (PTR). The State alleged that the defendant had violated two conditions of her probation, specifically, those related to (1) reporting to the probation department and (2) undergoing a substance-abuse assessment and treatment.

¶ 13    In February 2022, the defendant, her public defender, and the prosecutor appeared before the circuit court, Judge Brown presiding. The public defender stated that the defendant was prepared to admit the allegations in the PTR, even though the parties had been unable to reach an agreement as to sentencing. The court reminded the defendant that she was on probation for possession of methamphetamine. Then, the court admonished her along the lines of Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) (court's admonitions to defendant prior to accepting her admission to a violation in proceedings to revoke probation). The court admonished her that she could be sentenced to imprisonment for a term between two years and five years. She indicated her understanding. The court admonished the defendant that she had a right to a hearing on the PTR's allegations. Again, she indicated her understanding. The court admonished the defendant that the State had the burden of proving the allegations by a preponderance of the evidence, that she had a right to call her own witnesses at that hearing, and that, if she chose, she could testify at that hearing. The court read aloud the PTR's two allegations. In answer to the

4

court's queries, the defendant indicated that she wished to admit both of the PTR's allegations, and she did admit to them. The record on appeal includes a written "Admission of Violation of Probation" signed by the defendant, wherein she acknowledged that she had the right to a public defender at her PTR hearing and the right to confront and cross-examine adverse witnesses at that hearing, and further acknowledged that an admission would serve as a waiver of her right to a hearing. The court granted the State's PTR. It also ordered a PSI and scheduled the cause for resentencing.

¶ 14    The PSI showed that, in 2018, the defendant had a prior conviction for the same criminal offense that is at issue in this case—possession of less than five grams of methamphetamine. She had been placed on probation for a two-year period. In 2019, she admitted a violation of probation, and her probation was terminated unsuccessfully.

¶ 15    On April 11, 2022, the circuit court held the resentencing hearing, Judge Gross presiding. Neither of the parties offered evidence, presenting arguments only. The State recommended imprisonment; defense counsel recommended a continuation of probation. In her statement in allocution, the defendant said that if she were sentenced to prison, she would "lose it all," including her newly-acquired residence. The court sentenced the defendant to imprisonment for a term of two years. At the defendant's request, the court stayed the sentence until May 16, 2022, in order to allow the defendant time to wrap up her affairs, *e.g.*, to dispose of her residence. Finally, the court provided the defendant with (faulty) admonishments about her right to appeal. The admonishments were based on the admonishments prescribed by Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), which lays out the admonishments that must be given after entry of a judgment upon a plea of guilty, other than a negotiated plea.

5

¶ 16                    Events After Resentencing, and the Instant Appeal

¶ 17    On July 13, 2022—slightly more than three months after her being sentenced to prison—the defendant placed into the prison mail system a *pro se* "late notice of appeal." The clerk of the circuit court file-stamped it on July 21, 2022. In it, the defendant acknowledged that on April 11, 2022, she "was admonished about a 30-day right to appeal" and "was granted 5 weeks to get my affairs in order," but nevertheless she "did not have the time or luxury to think about or assert my desire to file an appeal to my public defender." The defendant also stated in her *pro se* "late notice of appeal" that she had three issues to raise on appeal: (1) her plea counsel "coerced [her] into taking the plea deal"; (2) between June 4, 2021, and June 18, 2021, she read an article that quoted the State's attorney as saying that the confidential source in the defendant's case had lied about her conduct; and (3) her due-process rights were violated where Judge Gross presided at her original plea and sentencing, and at her resentencing hearing, but it was Judge Brown who handled all other aspects of her case, including her admission to the PTR's allegations.

¶ 18    Ultimately, this court construed the *pro se* "late notice of appeal" as a motion for leave to file a late notice of appeal. This court appointed OSAD to represent the defendant on appeal and directed OSAD to file an amended motion for leave to file a late notice of appeal. See Ill. S. Ct. R. 606(c) (eff. Mar. 12, 2021). As directed, OSAD filed an amended motion for leave to file a late notice of appeal. This court granted the motion.

¶ 19                                    ANALYSIS

¶ 20    This appeal is from a judgment of conviction, which was entered after the defendant admitted to probation violations and was subsequently resentenced to imprisonment. As previously noted, OSAD, has concluded that this appeal has no arguable merit and, on that basis, it has filed an *Anders* motion to withdraw as counsel, plus supporting memoranda of law. The defendant has

6

not filed any type of response to OSAD's *Anders* motion. After due reflection, this court agrees with OSAD's assessment of this appeal.

¶ 21 OSAD states that three potential issues in this appeal are (1) whether the underlying judgment of conviction in this case, which arose from the defendant's pleading guilty to possession of methamphetamine, can be attacked in this appeal; (2) whether the circuit court substantially complied with Rule 402A before accepting the defendant's admissions to violating conditions of her probation; and (3) whether the defendant's two-year prison sentence was "legal" and not an abuse of discretion. According to OSAD, each issue is without merit. This court considers each of these issues in turn.

¶ 22 First of all, this appeal does not present an opportunity to challenge the underlying judgment in this case. In the *pro se* "late notice of appeal" that she filed with the circuit court in July 2022, the defendant let it be known that she wanted to attack the underlying judgment and the supposedly "coerced" plea deal that had led to it. However, in May 2021, immediately after the defendant entered her negotiated plea of guilty and was sentenced to probation for a year, the circuit court admonished her that she had 30 days in which to file a motion to withdraw the guilty plea, and of other items included in Rule 605(c). She failed to file a motion to withdraw the guilty plea. "As such," OSAD notes in its supplemental *Anders* memorandum, "no argument can be made that [the defendant] was not properly admonished of her rights under Rule 605 after being sentenced to probation, and this appeal does not present an opportunity to challenge the underlying judgment." As OSAD further notes, the defendant's only recourse for challenging the underlying judgment, after the time for a direct appeal had passed, was to file a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)).

7

¶ 23    Second, the circuit court did, in fact, substantially comply with Rule 402A prior to accepting the defendant's admissions to violating conditions of her probation. The circuit court must "substantially comply" with Rule 402A's admonishments prior to accepting an admission. *People v. Dennis*, 354 Ill. App. 3d 491, 494-96 (2004). Whether the circuit court did so is a legal question subject to *de novo* review. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). A defendant in a probation revocation proceeding has fewer procedural rights than a defendant who is awaiting trial. See, *e.g.*, *People v. Hall*, 198 Ill. 2d 173, 177 (2001). However, Rule 402A(a) requires that the circuit court make sure, prior to accepting the defendant's admission, that the defendant understands (1) the allegations in the PTR, (2) that she has a right to a PTR hearing and to appointed counsel, (3) that she has a right to confront and cross-examine adverse witnesses and to call witnesses of her own, (4) that the State has the burden of proving the alleged violation by a preponderance of the evidence, (5) that by admitting to a violation, she waives her right to a PTR hearing, and (6) the sentencing range for the underlying criminal offense. Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003). In addition, Rule 402A(b) requires the court to determine whether the admission is voluntary. Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003). Here, the defendant's answers to the court's queries, plus the defendant's written "Admission of Violation of Probation" and the total circumstances of her admissions (see *Dennis*, 354 Ill. App. 3d at 496), show that the defendant understood her rights and acted freely in waiving them. The circuit court substantially complied with Rule 402A.

¶ 24    Third, and finally, the defendant's two-year prison sentence falls within the statutory sentencing range, and it does not represent an abuse of the sentencing court's discretion. The defendant pleaded guilty to possession of less than five grams of methamphetamine, a Class 3 felony (720 ILCS 646/60(b)(1) (West 2020)), which is punishable by imprisonment for a minimum

8

of two years and a maximum of five years, followed by one year of MSR (730 ILCS 5/5-4.5-40(a), (*l*) (West 2020)). When a defendant's probation is revoked, the court may impose any sentence that was available at the time of the initial sentencing. 730 ILCS 5/5-6-4(e) (West 2020). Here, the court sentenced the defendant to two years in prison, which was the minimum prison sentence available. A sentence that falls within the statutory range may, nevertheless, be reviewed on appeal for an abuse of discretion by the circuit court. Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967). However, there was no abuse of discretion in this case. The defendant was sentenced to two years of imprisonment only after she had violated two conditions of her probation, and where her probation in a prior meth case had also been terminated unsuccessfully, just one year before the instant case began.

¶ 25                           CONCLUSION

¶ 26    Of the three potential issues discussed above, none has any arguable merit. In addition, this court's examination of the entire record on appeal does not reveal any issue of merit. Accordingly, OSAD's *Anders* motion for leave to withdraw as counsel is granted, and the judgment of conviction is affirmed.


¶ 27    Motion granted; judgment affirmed.