NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 4230480-U

NO. 4-23-0480

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| VINCENT EDWARD NELSON, | ) | No. 20CF1421 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not substantially comply with Illinois Supreme Court Rule 402
        (eff. July 1, 2012) where it failed to admonish defendant that it was not bound by
        his plea agreement and defendant could withdraw his admission to the State's
        petition to revoke probation.

¶ 2        Defendant appeals the trial court's judgment and his sentence. Defendant failed to

appear for drug court probation twice, and each time, the State filed a petition to revoke his

probation. Defendant then entered into a plea agreement with the State where he would admit to

certain allegations in the second petition, and in return, the State would cap its sentencing

recommendation at 10 years in the Illinois Department of Corrections (IDOC). The court

ultimately sentenced defendant to 12 years in the IDOC. On appeal, defendant argues he was

denied due process of the law in this proceeding, as the court failed to admonish him in

compliance with Illinois Supreme Court Rule 402 (eff. July 1, 2012).

¶ 3    We reverse and remand with directions.

¶ 4    I. BACKGROUND

¶ 5    In 2020, defendant was charged with Class 1 residential burglary. See 720 ILCS 5/19-3(a) (West 2020). Defendant later entered a guilty plea in exchange for 48 months of drug court probation. The trial court determined defendant was a suitable candidate for the program, and the plea agreement was signed and entered. Defendant succeeded in reaching the second phase of the program before relapsing and failing to appear for treatment court, which resulted in a warrant being issued for his arrest. The State filed its first petition to revoke probation, and after defendant's arrest, the court learned he sought treatment himself. Defendant expressed a desire to remain on probation, and the State's first petition to revoke his probation was dismissed.

¶ 6    Within the month, a second warrant was issued for defendant's arrest for his failure to appear for treatment court again. The State filed a second petition to revoke his probation. Defendant turned himself in and again expressed a desire for treatment. He appeared before the trial court and entered his admission to certain allegations in the State's second petition. In exchange for his admission, the State agreed to cap its sentencing recommendation to 10 years in the IDOC.

¶ 7    At the time of the admission, in open court, the trial court addressed defendant regarding the agreement:

"THE COURT: Okay. So [defendant], this plea agreement contemplates that you would be admitting paragraph 3D1 of the second petition to revoke your probation. This is a—in essence, a blind plea, or a plea with no agreement, other

- 2 -

than the State is agreeing to cap its recommendation to no more than ten years in the [IDOC]. Is that your understanding of what you're doing today?

THE DEFENDANT: Yes, Your Honor."

¶ 8 The trial court then went on to explain the allegations contained in the petition to revoke and the basis for defendant's admission. The court advised defendant of the possible penalties as follows:

"THE COURT: Residential burglary is a Class 1 felony offense. A Class 1 felony is punishable by a minimum period of 4 years in the [IDOC] and a maximum of 15 years in the [IDOC]. That would be followed up by a period of one year of mandatory supervised release. You can also be—you cannot be placed on probation for this offense. It's a mandatary prison sentence. You were placed on drug court probation, which is an exception to that rule. So when you're resentenced on this offense, is—is defense seeking—are you going to be seeking a second chance at drug court in your request?

MR. KOETTERS [(DEFENSE COUNSEL)]: Your Honor, I don't have that information. I'm standing in for Ms. Parker on the plea. I don't know—I don't know about that discussions as to whether she's seeking that or not.

THE COURT: Okay. So [defendant], drug court probation is technically a possible outcome of this case, as I guess would be [Treatment Alternatives for Safe Communities] probation. But no other probationary sentence is possible in this case. Does the State have anything to add to that?

MR. SHANE [(THE STATE)]: No, Your Honor.

THE COURT: The plea agreement contemplates that any statutory sentence could be imposed, but that the State agrees to cap its recommendation at 10 years in the [IDOC]. So is that your understanding of what this plea agreement calls for?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand the possible range of penalties pursuant to the statute?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right to maintain your general denial of this petition to revoke, but you also have the right to admit the petition. You have the right to be represented by an attorney. If you can't afford an attorney, I would appoint one to represent you. You have the right to a hearing, and at that hearing you're presumed innocent of this allegation, the State would have to prove the petition by a preponderance of the evidence. If you admit this petition today you waive your right to a hearing, you waive your right to confront the State's witnesses, present evidence on your own behalf, or to testify yourself if you choose. If you admit this petition today you're simply telling me that you violated your drug court probation by failing to appear in court on August 25th of 2022. Do you understand everything I've said so far?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anybody threatened you or put any pressure on you to force you to admit this petition?

THE DEFENDANT: No.

THE COURT: Has anybody promised you anything other than what the State is going to recommend, no more than 10 years in the [IDOC]? Has anybody promised you anything else in order to get you to admit this petition?

THE DEFENDANT: No."

¶ 9   The State then provided the factual basis for its petition, and defense counsel stipulated to it. Defendant admitted to certain allegations in the State's petition, and the case was set for a sentencing hearing. At the sentencing hearing, the State recited the probable cause statement in aggravation, and defendant provided mitigation testimony. After argument by both parties, the State asked that defendant be sentenced to 10 years in the IDOC. Defendant requested to be resentenced to treatment court probation or, in the alternative, the statutory minimum sentence of four years so he could return to his children as soon as possible.

¶ 10   The trial court sentenced defendant to 12 years in the IDOC. The court also found defendant was no longer a suitable candidate for treatment court due to his failure to take full advantage of his prior opportunities. The court noted that the factual basis for the residential burglary was especially aggravating and that stealing an irreplaceable heirloom was "an extremely personal violation of somebody's private space."

¶ 11   The following exchange then occurred between the trial court, defense counsel, and the State:

"[DEFENSE COUNSEL]: Your Honor, in the PTR agreement that was admitted before the Court on January 5th we agreed to a cap of 10 years.

***

THE STATE: The State agreed to the 10 years.

THE COURT: That is an agreement as to a recommendation. It does not bind the Court."

¶ 12 Following this hearing, defendant filed a "motion to withdraw admission to violation of probation [and] reconsider sentence," alleging he did not enter the admission knowingly and voluntarily and that he failed to understand the possible consequences of his admission. Defendant further alleged the sentence was excessive. At the hearing on the motion, defense counsel argued defendant was not informed by defense counsel that the court was not bound by the 10-year cap. Due to this, defendant argued he did not enter the agreement knowingly and intelligently and did not understand the consequences of his admission. Further, defense counsel argued defendant's sentence should be reduced. The State took no position but stated it was the State's belief that defendant's admission was entered knowingly and voluntarily. The court denied the motion to withdraw his admission. In doing so, the court acknowledged that it is not privy to conversations between counsel and defendants and stated that it believed defendant was fully admonished and entered the admission knowingly and voluntarily.

¶ 13 The trial court also went on to state, "The Court is not bound by the recommendation of the parties. Those are just that. They are recommendations to the Court, and the Court can impose what it believes to be an appropriate sentence in a particular case."

¶ 14 The trial court found the sentence to be appropriate and denied defendant's motion to reconsider the sentence.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

- 6 -

¶ 17    Defendant claims the trial court failed to substantially comply with Illinois Supreme Court Rule 402 (eff. July 1, 2012). We agree. Because we find defendant's first argument meritorious, we do not address defendant's remaining arguments.

¶ 18    To begin, Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) governs admissions or stipulations in proceedings to revoke probation, conditional discharge, or supervision. By operation of Rule 402A(d), specific subsections of Rule 402, which governs proceedings on guilty pleas, also apply to proceedings on petitions to revoke probation. Ill. S. Ct. R. 402A(d) (eff. Nov. 1, 2023); R. 402 (eff. July 1, 2012). Central to defendant's claims is Rule 402(d)(2), which states:

> "If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him or her of the tentative agreement and the reasons therefor in advance of the tender of the plea. At the same time the trial judge may also receive, with the consent of the defendant, evidence in aggravation or mitigation. The judge may then indicate to the parties whether he or she will concur in the proposed disposition; and if the judge has not yet received evidence in aggravation or mitigation, he or she may indicate that his or her concurrence is conditional on that evidence being consistent with the representations made. If the judge has indicated his or her concurrence or conditional concurrence, the judge shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule. If the defendant thereupon pleads guilty, but the trial judge later withdraws his or her

- 7 -

concurrence or conditional concurrence, the judge shall so advise the parties and then call upon the defendant either to affirm or to withdraw his or her plea of guilty. If the defendant thereupon withdraws his or her plea, the trial judge shall recuse himself or herself." Ill. S. Ct. R. 402(d)(2) (eff. July 1, 2012).

¶ 19 Furthermore, Rule 402(d)(3) states:

"If the parties have not sought or the trial judge has declined to give his or her concurrence or conditional concurrence to a plea agreement, *the judge shall inform the defendant in open court* at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his or her plea the disposition may be different from that contemplated by the plea agreement." (Emphasis added.) Ill. S. Ct. R. 402(d)(3) (eff. July 1, 2012).

¶ 20 Generally, a court's substantial compliance with Rules 402 and 402A is all that is required. *People v. Dennis*, 354 Ill. App. 3d 491, 495 (2004); Ill. S. Ct. R. 402A (eff. Nov. 1, 2023). Substantial compliance exists when the record, taken as a whole, including earlier proceedings, affirmatively shows that the defendant understood each of the required admonitions. *People v. Bailey*, 2021 IL App (1st) 190439, ¶ 27; *Dennis*, 354 Ill. App. 3d at 495-96. Furthermore, the purpose of these admonitions "is to ensure that [a] defendant understood his admission, the rights he was waiving, and the potential consequences of his admission." *Dennis*, 354 Ill. App. 3d at 496. Substantial compliance does not require "reciting all of the information," though "[l]iteral compliance is preferable." *Id.*

¶ 21 This issue presents a question of law, which we review *de novo*. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). Specifically, we consider whether, realistically, an ordinary

person in defendant's position would have understood, from the earlier proceedings, that by admitting to a violation, he was surrendering certain rights. *Dennis*, 354 Ill. App. 3d at 496.

¶ 22 Here, defendant admitted to the allegations in the State's second petition to revoke probation, and in return, the State offered to cap its sentencing recommendation at 10 years. The trial court told defendant that his plea was a "blind plea, or a plea with no agreement, other than the State is agreeing to cap its recommendation to no more than ten years." The court further admonished defendant of the possible sentencing range and stated, "The plea agreement contemplates that any statutory sentence could be imposed, but that the State agrees to cap its recommendation at 10 years." However, nothing in the record demonstrates the court substantially complied with Rule 402(d)(3). As there is no evidence the parties sought the trial court's concurrence or that the trial judge signaled his concurrence or conditional concurrence to the State's recommendation, the trial judge should have informed defendant in open court that the court was not bound by the agreed recommendation, and that if defendant persisted in his plea, the disposition may be different from that contemplated by the plea agreement.

¶ 23 The State relies heavily on *People v. Robinson*, 2021 IL App (4th) 200515, and argues that the trial court was not bound by any sentencing recommendation. However, this is not the question before us. The question is whether the court complied with Rule 402, not whether the court unfairly strayed from the State's recommendation. *Robinson* held that where a defendant is sentenced pursuant to a negotiated plea, the correct recourse is to file a motion to withdraw his guilty plea. *Id.* ¶ 24. As such, *Robinson* is not instructive here. We do note that in *Robinson*, the court correctly—and explicitly—informed the defendant that it was not bound by the State's recommendation. *Id.* ¶ 5. This stands in stark contrast to the case before us.

¶ 24        The State also leans on the trial court's statement that "[t]he plea agreement contemplates that any statutory sentence could be imposed." However, the court never took the next step of telling defendant it was not bound by the State's recommendation or that he could withdraw his admission to the petition. Essentially, the State is asking us to assume defendant could read between the lines or understand the judge's subtext. Based on the record before us, it is entirely possible an ordinary person in defendant's position would believe the court was informing him of a sentencing range and telling him the State was agreeing to a recommendation, all while that person still believed the court would adhere to the State's recommendation.

¶ 25        Defendant relies on *People v. Collins*, 100 Ill. App. 3d 611 (1981). In *Collins*, the trial court fully informed the defendant it was not bound by the agreement, but it did not explain that if the defendant persisted in the plea, a different disposition might be made. *Id.* at 613. There, this court stated:

> "We deem the crucial due process aspect of the procedure under Rule 402(d) to be the requirement that the court must tender to a defendant the opportunity (1) to affirm or withdraw a guilty plea entered upon a court's subsequently withdrawn concurrence or conditional concurrence in a plea agreement, or (2) to persist in or withdraw a guilty plea entered on a plea agreement after a court that has not concurred in the agreement has explained its right to disregard the agreement and the consequences of its doing so." *Id.* at 613-14.

¶ 26        Here, the trial court provided fewer admonishments than in *Collins*. Defendant was not advised the court was not concurring with the State's sentencing cap, nor did the court

- 10 -

advise defendant it was not bound by the recommendation. Therefore, defendant was denied due process under the law.

¶ 27                                    III. CONCLUSION

¶ 28        For the reasons stated, we reverse defendant's sentence, reverse the trial court's order denying defendant leave to withdraw his admission, and remand to the trial court with directions to allow defendant to plead anew.

¶ 29        Reversed and remanded with directions.